United States District Court
Southern District of Texas
**ENTERED**
September 23, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| TODD J. OUBRE, | § | |
| | § | |
| *Plaintiff*, | § | |
| VS. | § | CIVIL ACTION NO. 3:15-CV-111 |
| | § | |
| SCHLUMBERGER LIMITED, *et al*, | § | |
| | § | |
| *Defendants*. | § | |

**MEMORANDUM OPINION AND ORDER**

This is a personal injury lawsuit filed by Plaintiff, Todd J. Oubre. Oubre is a citizen of Louisiana. Defendants Schlumberger Limited, Schlumberger Well Services, and Schlumberger Technology Corporation (collectively, "Schlumberger") have their principal places of business in Texas.

Oubre's Complaint alleges that, on "May 15, 2014," he "was a trucking contractor performing services for [Schlumberger]," and he was injured at Schlumberger's Houma, Louisiana facility when "an employee of [Schlumberger] rammed a forklift [into] his vehicle." Dkt. 1. Oubre asserts claims for negligence and gross negligence, and he alleges that Schlumberger is directly and vicariously responsible for the acts of its employee. *Id*. Oubre filed his Complaint in this Court on May 15, 2015.

Schlumberger's First Amended Answer denied many of the allegations in Oubre's Complaint, including his allegation that the collision took place on May 15, 2014. Schlumberger did admit that, "at relevant times, Plaintiff was employed with or through a trucking contractor performing services for Schlumberger Technology Corporation." Dkt.

13, ¶ 9. Further, Schlumberger's First Amended Answer raised the affirmative defense of limitations—contending that Oubre's suit was time-barred by the Louisiana Civil Code.

Schlumberger has now filed a motion for summary judgment on its affirmative defense of limitations. Dkt. 14. Oubre has responded, and the motion has been fully briefed. Dkt. 17, Dkt. 18, Dkt. 23. On May 10, 2016, this Court referred the case to United States Magistrate Judge John R. Froeschner. Dkt. 24. On May 18, 2016, Judge Froeschner issued his Report and Recommendation, recommending that Schlumberger's motion for summary judgment be granted. Dkt. 25. Oubre filed Objections to Judge Froeschner's Report and Recommendation. Dkt. 26.

This Court is required to make a *de novo* determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which an objection has been made. In this regard, the Court is permitted to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b)(3). The Court need not, however, consider objections that are conclusive, general in nature, or frivolous. *See Battle v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. Unit B 1982) (en banc) (overruled on other grounds); *Mosley v. Quarterman*, 306 F. App'x 40, 42 n.2 (5th Cir. 2008). After careful consideration of the Objections, the motion, the responses, the pleadings, and the arguments of the parties, the Court **ACCEPTS** the Magistrate Judge's Report and Recommendation, **in part,** and **REJECTS** the Recommendation, **in part,** as follows.

**ANALYSIS**

Schlumberger's motion for summary judgment asserts that the collision at its Houma facility occurred on May 14, 2014, *not* May 15, 2014. Accordingly, it contends that Oubre's suit is time-barred under the applicable statute of limitations, the one-year time limit of Article 3492 of the Louisiana Civil Code.

Schlumberger first argues that this Court, sitting in diversity, must apply the choice-of-law rules of Texas and that Texas follows the "most significant relationship test" set out in the Restatement (Second) of Conflict of Laws. Schlumberger asserts that Louisiana, where the collision took place, is the state with the most significant relationship here. Accordingly, Schlumberger asks this Court to find that Louisiana's one-year statute of limitations bars Oubre's lawsuit because it is untimely. Schlumberger points out that Texas Civil Practice and Remedies Code section 71.031 also supports this conclusion. Schlumberger's motion attaches a single piece of summary judgment evidence—the affidavit of Scott Thibodaux, a Schlumberger employee who affirms that he participated in the investigation of a May 14, 2014, accident involving "a parked truck which was operated through United Vision Logistics and which was parked in the yard area of the [Houma, Louisiana] facility." Dkt. 14-1.

In his response, Oubre concedes that the accident did indeed occur on May 14, 2014—not May 15, 2014. Dkt. 17. But he argues the proper statute of limitations is the two-year limit found in the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. REM. CODE § 16.004. Oubre asserts two reasons that the one-year Louisiana statute of limitations does not apply in this case. First, Oubre presents a Master Services

Agreement ("MSA") between Schlumberger and Dynasty Transportation, LLC, asserting that this MSA is the contract "under which [he] was working for Schlumberger at the time he was injured." Oubre argues that Schlumberger is therefore "estopped" from relying on Louisiana's statute of limitations in this case because the MSA provides that "[the] Agreement shall be construed in accordance with, and governed by, the laws of the State of Texas." Dkt. 17-1, ¶ 11.

Second, Oubre contends that Schlumberger misapplies Texas law. Schlumberger's motion is premised on its assertion that Louisiana is the state where the "negligent act" took place. Oubre now contends this is not entirely true. Instead, he argues that much of Schlumberger's "management decisions and corporate governance are undertaken from Schlumberger headquarters [in Houston, Texas]." Accordingly, he posits that some part of his negligence suit will touch upon Schlumberger's management decisions made in Houston, *i.e.*, "the creation of company policy and Schlumberger's failure to train and supervise its employees pursuant to this policy." Dkt. 17. Therefore, he concludes that Texas Civil Practice and Remedies Code section 71.031 mandates the application of Texas's, not Louisiana's, statute of limitations.

In their reply, the Schlumberger Defendants take issue with Oubre's claim that he was an "employee" of the trucking company that executed the MSA with Schlumberger. Instead, Schlumberger's reply presents evidence that Oubre was an "independent trucking contractor" and was "self-employed" at the time of the incident. Schlumberger also argues that Oubre cannot rely upon the MSA because he is not an intended third-party beneficiary to that contract.

With the permission of the Court, Oubre filed a sur-reply. In his sur-reply, Oubre contends that "the precise nature of his role . . . is not significant." Dkt. 23. Instead, he holds on to the doctrine of estoppel by contract, and asserts that he is among the "class of persons" discussed in the MSA and is therefore a beneficiary to the MSA.

In his Report and Recommendation, Magistrate Judge Froeschner recommended that Schlumberger's motion be granted on the grounds that (1) Oubre was a "self-employed independent contractor," not an intended beneficiary of the MSA, and he could not "take advantage of the forum selection clause;" (2) Texas law required an analysis of which state had the "most significant relationship" to the case; and (3) Louisiana was the state with the most significant relationship. Magistrate Judge Froeschner therefore concluded that Louisiana law applied, including Louisiana's one-year statute of limitations, and Oubre's suit was time-barred. In finding Louisiana was the state with the most significant relationship to this case, Magistrate Judge Froeschner also found:

> In this case the injury occurred in Louisiana; the conduct which caused the injury occurred in Louisiana; Oubre's residence and place of business were in Louisiana, and the place where the relationship, if any, between the Parties was centered was solely on Schlumberger's Houma, Louisiana, property.

Oubre filed Objections to Magistrate Judge Froeschner's Report and Recommendation. Those Objections focused on whether Oubre may benefit from the MSA's choice-of-law provision. Notably, Oubre does not complain of Judge Froeschner's finding that "[i]n this case the injury occurred in Louisiana; [and] the conduct which caused the injury occurred in Louisiana . . . ."

**STANDARD OF REVIEW**

Schlumberger's motion for summary judgment is governed by Rule 56 of the Federal Rules of Civil Procedure. Under this rule, a reviewing court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). A fact is "material" if its resolution in favor of one party might affect the outcome of the suit under governing law. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). An issue is "genuine" if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party. *Id*.

"When seeking summary judgment, the movant bears the initial responsibility of demonstrating the absence of a genuine issue of material fact with respect to those issues on which the movant bears the burden of proof at trial." *Serna v. Law Office of Joseph Onwuteaka, P.C.,* 614 Fed. App'x. 146, 152 (5th Cir. 2015), *cert. denied*, 136 S. Ct. 1160, 194 L. Ed. 2d 174 (2016) (citing *Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 718 (5th Cir. 1995) (per curiam)). The movant discharges this burden by making out "a prima facie case that would entitle [it] to judgment as a matter of law if uncontroverted at trial." *Id*. (internal citations omitted). If the movant succeeds, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Id*. (citing *Little*, 37 F.3d at 1075). "'If the moving party fails to meet [its] initial burden, the motion [for summary judgment] must be denied, regardless of the nonmovant's response.'" *United States v. $92,203.00 in U.S. Currency*, 537 F.3d 504,

507 (5th Cir. 2008) (quoting *Little v. Liquid Air Corp*., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam)). In deciding a summary judgment motion, the reviewing court must "construe all facts and inferences in the light most favorable to the nonmoving party." *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010) (internal citation and quotation marks omitted).

The Court is mindful that a non-movant's burden is not satisfied with "some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Little,* 37 F.3d at 1074 (citations and internal quotation marks omitted). Moreover, "'Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Jackson v. Cal-W. Packaging Corp*., 602 F.3d 374, 378–80 (5th Cir. 2010). Instead, "[a] district court's decision on summary judgment is largely controlled by what the parties present[]." *Hernandez v. Yellow Transp., Inc*., 670 F.3d 644, 651 (5th Cir. 2012). Therefore, "[i]f somewhere in a record there is evidence that might show a dispute of material fact, the district court needs to be pointed to that evidence as opposed to having to engaging in an extensive search." *Id*.

Further, when reviewing the evidence, this Court "may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Products, Inc.,* 530 U.S. 133, 120 S.Ct. 2097, 2110, 147 L.Ed.2d 105 (2000). Factual controversies are to be resolved in favor of the nonmovant, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little*, 37 F.3d at 1075.

## DISCUSSION

The Court's analysis here must adhere to the summary judgment principles set out in the above paragraphs. Accordingly, the Court begins with the motion for summary judgment itself and then turns to the response, evaluating each under the standards set out by the United States Court of Appeals for the Fifth Circuit and the Federal Rules of Civil Procedure.

### A. Schlumberger's motion presents uncontroverted evidence that the collision occurred in Houma, Louisiana, on May, 14, 2014.

Schlumberger moved for summary judgment on its affirmative defense of limitations. As Schlumberger correctly contends, "[a] federal court sitting in diversity follows the choice-of-law rules of the state in which it sits." *Crawford Prof'l Drugs, Inc. v. CVS Caremark Corp.*, 748 F.3d 249, 258 (5th Cir. 2014); *see also Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). This Court will therefore apply Texas choice-of-law rules.

Schlumberger is also correct in its next contention, that Texas courts answer choice-of-law questions by determining which state has the "most significant relationship" to the parties and the allegations, using the test provided by Sections 6 and 145 of the Restatement (Second) of Conflict of Laws. *Torrington Co. v. Stutzman*, 46 S.W.3d 829, 848 (Tex. 2000); *Gutierrez v. Collins*, 583 S.W.2d 312, 318 (Tex. 1979). Under the Restatement, the court must consider: "(a) the place where the injury occurred; (b) the place where the conduct causing the injury occurred; (c) the domicile, residence, nationality, place of incorporation and place of business of the parties, and; (d) the place

where the relationship, if any, between the parties is centered." RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 145. Further, according to the Restatement, "the applicable law will usually be the local law of the state where the injury occurred." *Id.* at § 156(2). Thus, according to Schlumberger, Thibodeaux's affidavit is sufficient summary judgment evidence to show that the collision happened in Houma, Louisiana on March 14, 2014, and this Court should easily conclude that Louisiana law, including Louisiana's one-year statute of limitations, applies.

Schlumberger's analysis is correct but incomplete. In addition to the Restatement's choice-of-law rules, Texas has an ***additional*** choice-of-law rule that it applies in personal injury cases—section 71.031 of the Texas Civil Practice and Remedies Code, which contains what "is essentially a codified choice-of-law rule that borrows the statute of limitations of the foreign state where an injury occurred when the claimant is not a resident of Texas." *Malone v. Sewell*, 168 S.W.3d 243, 253 (Tex. App.—Fort Worth 2005, pet. denied). It reads, in relevant part:

> An action for damages for ... personal injury of a citizen of this state, of the United States, or of a foreign country may be enforced in the courts of this state, although the wrongful act, neglect or default causing the ... injury takes place in a foreign state ... if: …
>
> (2) the action is begun in this state within the time provided by the laws of this state for beginning the action; [and]
>
> (3) for a resident of a foreign state or country, the action is begun in this state within the time provided by the laws of the foreign state or country in which the wrongful act, neglect or default took place …

TEX. CIV. PRAC. & REM. CODE ANN. § 71.031(a). Both the Supreme Court of Texas and the United States Fifth Circuit have confirmed that this provision applies to suits filed in

state and federal courts in Texas for personal injury or death caused by an act that occurred outside the state. *See Hyde v. Hoffmann-La Roche, Inc.,* 511 F.3d 506, 511-13 (5th Cir. 2007); *Owens Corning v. Carter*, 997 S.W.2d 560, 573 (Tex. 1999). So long as the plaintiff is a Texas resident, then Texas's two-year statute of limitations for personal injury suits applies, even though the injury or act occurred outside of Texas. In contrast, if a plaintiff is *not* a Texas resident, then the court must apply *both* Texas's two-year statute of limitations for personal injury suits *and* any statutes of limitations from the location in which the injury or act occurred. This provision ensures that the more restrictive of the two limitations periods controls. *See, e.g., Burdett v. Remington Arms Co., LLC*, 3:15-CV-4038-B, 2016 WL 3745682, at *4 (N.D. Tex. July 13, 2016) ("If Burdett is a Texas resident . . . the Court would need only apply Texas law. If Burdett is a Georgia resident . . . the Court would need to apply *both* Texas and New York law."); *Tullis v. Georgia-Pac. Corp.*, 45 S.W.3d 118, 123 (Tex. App.—Fort Worth 2000, no pet.) (" [The Texas] legislature sought to remedy the problem that Texas had become a popular forum for plaintiffs whose claims were time-barred by shorter statutes of limitations in the states where those claims arose.") (citing *Owens Corning*, 997 S.W.2d at 574).

The Court notes that this case is strikingly similar to a recent case from the United States District Court for the Western District of Texas. In *Ferguson v. Sevin*, Judge Pitman granted summary judgment after finding that the Louisiana statute of limitations barred a personal injury suit filed by a Mississippi resident who had been injured in Louisiana by a Texas resident. No. 1-15-CV-462 RP, 2016 WL 164640, at *2 (W.D. Tex. Jan. 13, 2016) ("Plaintiff is a resident of Mississippi and the collision underlying this

action occurred in Louisiana. Accordingly, Plaintiff's claims are subject to the statutes of limitations of both Texas and Louisiana.”). Likewise, the personal injury claim of Plaintiff Oubre, who is not a Texas resident, and who was injured in an accident occurring in Louisiana, is, on its face, subject to the statutes of limitations of both Texas *and* Louisiana.

**B. Oubre’s response does not challenge Schlumberger’s evidence, and it instead deflects attention to the MSA and to the Complaint.**

Oubre does not dispute that he is a Louisiana resident, nor does he dispute that the collision occurred in Houma, Louisiana, on May 14, 2014. Instead, his response raises two novel arguments. First, he asserts that Schlumberger is “estopped” from relying on Louisiana’s statute of limitations by the language of the MSA, which he contends is a contract between Schlumberger and his employer at the time. Second, Oubre contends that Louisiana is not the only location where a negligent act occurred in this case because his claims implicate management decisions made in Houston, *i.e*., “the creation of company policy and Schlumberger’s failure to train and supervise its employees pursuant to this policy.”

Magistrate Judge Froeschner’s Report and Recommendation focused on the first argument—that the MSA somehow benefitted Oubre or estopped Schlumberger from arguing Oubre’s suit was governed by the Louisiana statute of limitations. Judge Froeschner found that Oubre was not entitled to rely on the MSA, and Oubre’s Objections contend that he is. However, this discussion somewhat misses the mark. Assuming, arguendo, that Oubre could rely on the MSA, the MSA calls for the

application of "the laws of the State of Texas." Section 71.031(a), which mandates that his suit is time-barred, clearly falls within the category of "laws of the State of Texas."

Oubre's second point is also unsuccessful. Oubre's Complaint alleges, "Defendants are liable for the subject accident and Plaintiff's injuries and damages by reason of their negligence, gross negligence, and conditions attributable to it, directly and/or vicariously, by and through their agents, representatives and/or employees." He describes this allegation as broad enough to encompass decisions made in Schlumberger's offices in Texas because the forklift driver "was self-evidently poorly trained and poorly managed." Thus, he argues that Section 71.031 does not apply because acts contributing to his injury may have been committed in Texas rather than Louisiana. Instead of directly attacking Schlumberger's evidence that the collision happened in Houma, Louisiana on May 14, 2014, Oubre seeks to expand the scope of his negligence claims, much like Lucy moving the football.

There are several problems here. First, the single case Oubre cites on this point is wholly inapplicable. *See, e.g., Vinson v. Am. Bureau of Shipping*, 318 S.W.3d 34, 38 (Tex. App.—Houston [1st Dist.] 2010, pet. denied) (upholding plaintiff's challenge to trial court's *forum non conveniens* dismissal of lawsuit for personal injuries suffered in Singapore against Texas-based designer of allegedly defective derrick). Second, and more fatally, Oubre failed to object to the Magistrate Judge's finding that "[his] injury occurred in Louisiana; the conduct which caused the injury occurred in Louisiana; . . . and the place where the relationship, if any, between the Parties was centered was solely

on Schlumberger's Houma, Louisiana, property." Because Oubre declined to object to these findings, the Court declines to disturb them.[1]

**C. Schlumberger is entitled to summary judgment on its affirmative defense of limitations.**

After reviewing the motion for summary judgment, the response, the briefing by counsel, and the summary judgment evidence presented by the parties—as well as the Magistrate Judge's Report and Recommendation and Oubre's Objections thereto—the Court finds that there is no genuine dispute that the collision took place on May 14, 2014, in Houma, Louisiana, and that Oubre is a resident of Louisiana who filed his personal injury lawsuit in Texas on May 15, 2015. Further, the Court adopts Magistrate Judge Froeschner's finding that the injury at issue—as well as the conduct that caused the injury—occurred in Louisiana. Accordingly, the Court finds that Oubre's suit is barred by the one-year time limit set out in Louisiana Civil Code art. 3492.

[1] Further, there are serious deficits in the summary judgment evidence that Oubre uses to support his contention that the forklift driver in Houma must have been trained, managed, employed, or supervised in some way from one of Schlumberger's Texas offices. Oubre's response presented only minimal evidence, such as choppy excerpts from the deposition of Scott Thibodaux. In those excerpts, Thibodaux stated that he is a "QHSE" manager for Schlumberger with an office in Houma, Louisiana, and he reports to "George Fournier," who is the "North Gulf Coast QHSE manager" in Lafayette, Louisiana. In turn, Fournier reports to "Eric Inglehart," the "North America Offshore QHSE manager" located in Houston, Texas. Thibodaux also confirmed that he produced a report of his investigation of the incident, and he stated that "everyone has access to that report; everyone within the organization, . . . includ[ing] people in Sugarland, Texas." Thibodaux did confirm that the forklift driver was an employee of Schlumberger Techonology Corporation, the same company that employed him, Fournier, and Inglehart. Oubre attached the "Light Accident/Non-conformance Report" created by Thibodaux, which gave cursory details of the incident, such as that "Forklift Commentary Drive Retraining" was completed on September 19, 2014. But none of this evidence contains anything approaching an assertion of fact as to where the forklift driver was trained, supervised, hired, or managed prior to the collision, or by whom.

## CONCLUSION

For the reasons explained above, Oubre's Objections are **SUSTAINED, in part,** and **OVERRULED, in part**. Further, as discussed above, the Court **ADOPTS**, **in part,** the Magistrate Judge's Report and Recommendation, and the Court **REJECTS, in part,** the Report and Recommendation.

The Court finds that there is no genuine dispute of material fact as to whether Oubre's suit is time-barred. Accordingly, Schlumberger's motion for summary judgment on its affirmative defense of limitations is **GRANTED**.

SIGNED at Galveston, Texas, this 23rd day of September, 2016.

George C. Hanks Jr.
United States District Judge